G. W. SHIELDS, Trustee, *et al.* v. D. L. DODGE.

LIEN. *Feed of horse. Conversion.* If a person puts his horse in the hands of a trainer to be trained and kept at a stipulated sum, the trainer has a lien upon the horse for his services and expenses, and an offer to sell the horse to pay such expenses will not be treated as a conversion, it appearing that the act of offering to sell was not in defiance of the owner's title, but only an irregular mode of attempting to enforce a lien.

FROM DAVIDSON.

Appeal in error from the Circuit Court of David-son county. FRANK T. REID, J.

PILCHER & WEAVER for Shields.

W. G. BRIEN & SON for Dodge.

DEADERICK, C. J., delivered the opinion of the court.

In this case plaintiffs instituted an action of replevin before a justice of the peace, and upon the writ obtained possession of a trotting horse which defendant had in his possession upon a contract with plaintiffs.

The justice found in favor of defendant, and upon appeal, the circuit court also found in favor of defendant, and plaintiffs have appealed to this court. The Referees have recommended an affirmance of the judgment, and the plaintiffs have excepted.

In the circuit court the parties waived a jury, and the judge recites in his judgment that upon consideration of the proof and argument of counsel he finds the matters in controversy in favor of defendant, and finds defendant's interest in the horse replevied to be $86.54⅔. Whereupon it is considered by the court that plaintiffs return the horse to defendant, and on failure that defendant recover of plaintiffs the sum of $86.54⅔, his interest in said horse, with costs.

The contract insisted on by defendant, and which his Honor held to be established, notwithstanding there was conflict in the evidence, was that the horse was put into his care and possession to train, trot, and if opportunity offered, to sell, and that he was to be paid twenty dollars per month for the winter, and thirty dollars per month for summer months, and the above named sum of $86.54⅔ was due him for such service. Defendant had advertised the horse for sale, to pay for his keep and training, when the re-

plevin writ was executed, and the horse taken out of his possession and restored to plaintiffs.

The plaintiffs except to the report because it does not find that the finding of the circuit judge was not supported by the evidence. But there is evidence sufficient to support it, and there is no error in so reporting. Second, because the Referees report that defendant had a lien for his services and expenses upon the horse.

We think the report is sustained by the authorities cited in the report, and that plaintiffs were not entitled to the possession of the horse until said charges were paid: Story on Bailments, sec. 440.

The third and fourth exceptions insist that if defendant had a lien he lost or waived it by attempting to sell the horse, which was in law a conversion. The facts do not show a case in which defendant asserted a claim to the property in his own right hostile to the title of plaintiffs, but an effort to enforce a lien upon property which acknowledged plaintiffs' title. It may have been an irregular mode of enforcing a lien, but was not instituted in defiance of plaintiffs' title. At the time of the issuance of the writ defendant had a lien upon the horse which he was endeavoring to enforce, and had the right of possession until said lien was discharged.

The fifth exception is, that the judgment is erroneous, and the court could not rightfully render any judgment for defendant's account.

When the writ issued, if plaintiff had not the right to possession of the property, his suit must fail. He

.had no such right without discharging the lien upon it. It was, therefore, right that restitution of the property be made, or the charges upon it paid. According to strict law the judgment might have been for the restitution of the property, or for its value, upon the assumption that the defendant has a right to the possession of the thing itself. And such have been the judgments in our adjudged cases, where the contest has been as to title and right of possession. But the plaintiffs have no ground to complain of the finding that he may retain the property by paying less than its value, and defendant has not excepted to the report.

We think there is no error for which we should overrule the report, and it will be confirmed.